IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRED FULFORD,

       Plaintiff,

    v.

DOCTOR GRIFFEN, CALIFORNIA
DEPARTMENT OF CORRECTIONS AND
REHABILITATION,

      Defendants.

Case No.: C 13-2535 CW (PR)

ORDER OF DISMISSAL

INTRODUCTION

Plaintiff, a California prisoner incarcerated at San Quentin State Prison (SQSP) and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons discussed below, this case is DISMISSED without prejudice for failure to exhaust administrative remedies and failure to state a federal claim for relief.  Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order.

DISCUSSION

I. Failure to Exhaust

The Prison Litigation Reform Act of 1995 (PLRA) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81,

84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile.  The exhaustion requirement requires "proper exhaustion" of all available administrative remedies.  Ngo, 548 U.S. at 93.  Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits.  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  Id. at 1120.

   Plaintiff indicates on the complaint that he has not presented the facts in his complaint for review through the administrative process.  Compl. at 2.  In the space for him to indicate the reason for not pursuing an appeal, he writes next to the informal appeal, "As there is no remedy that this prison or its representative can take to remedy this case."  Compl. at 2.

2

**United States District Court**
For the Northern District of California

1    Plaintiff must comply with the PLRA's requirement of "proper

2  exhaustion" under <u>Ngo</u>: "Proper exhaustion demands compliance with

3  an agency's deadlines and other critical procedural rules because

4  no adjudicative system can function effectively without imposing

5  some orderly structure on the course of its proceedings."  548

6  U.S. at 90-91 (footnote omitted).  Even if Plaintiff feels there

7  is nothing the prison can do to remedy the harm he alleges, he

8  must still take his claim through the entire SQSP administrative

9  appeals process before he may file a complaint in federal court.

10  Because it is clear that Plaintiff has not "properly exhausted"

11  his claims, and there is no applicable exception to the exhaustion

12  requirement, dismissal without prejudice is appropriate.

13  II. Failure to State a Federal Claim

14    A federal court must conduct a preliminary screening in any

15  case in which a prisoner seeks redress from a governmental entity

16  or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

17  § 1915A(a).  In its review, the court must identify any cognizable

18  claims and dismiss any claims that are frivolous, malicious, fail

19  to state a claim upon which relief may be granted or seek monetary

20  relief from a defendant who is immune from such relief.  <u>See id.</u>

21  § 1915A(b)(1), (2).  <u>Pro se</u> pleadings must, however, be liberally

22  construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696,

23  699 (9th Cir. 1988).

24    To state a claim under 42 U.S.C. § 1983, a plaintiff must

25  allege two essential elements: (1) that a right secured by the

26  Constitution or laws of the United States was violated, and

27  (2) that the alleged violation was committed by a person acting

28  under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48

1   (1988).  Under § 1983, liability may be imposed on an individual

2   defendant only if the plaintiff can show that the defendant

3   proximately caused the deprivation of a federally protected right.

4   <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

5       Plaintiff alleges the following.  Approximately eleven months

6   ago, he went to the hospital for surgery on his left foot.  During

7   the surgery, Dr. Griffen removed half the bone in a toe that was

8   not injured.  Plaintiff alleges that Dr. Griffen committed

9   malpractice and seeks money damages from him.

10      Deliberate indifference to serious medical needs violates the

11  Eighth Amendment's proscription against cruel and unusual

12  punishment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin</u>

13  <u>v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other</u>

14  <u>grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136

15  (9th Cir. 1997) (en banc).  A determination of "deliberate

16  indifference" involves an examination of two elements: the

17  seriousness of the prisoner's medical need, and the nature of the

18  defendant's response to that need.  <u>Id.</u> at 1059.  A serious

19  medical need exists if the failure to treat a prisoner's condition

20  could result in further significant injury or the unnecessary and

21  wanton infliction of pain.  <u>Id.</u>  The existence of an injury that a

22  reasonable doctor or patient would find important and worthy of

23  comment or treatment, the presence of a medical condition that

24  significantly affects an individual's daily activities, or the

25  existence of chronic and substantial pain are examples of

26  indications that a prisoner has a serious need for medical

27  treatment.  <u>Id.</u> at 1059-60.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    A prison official is deliberately indifferent if he knows

2  that a prisoner faces a substantial risk of serious harm and

3  disregards that risk by failing to take reasonable steps to abate

4  it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  The prison

5  official must not only "be aware of facts from which the inference

6  could be drawn that a substantial risk of serious harm exists,"

7  but he "must also draw the inference."  <u>Id.</u>  In order for

8  deliberate indifference to be established, therefore, there must

9  be a purposeful act or failure to act on the part of the defendant

10  and resulting harm.  <u>McGuckin</u>, 974 F.2d at 1060.  Deliberate

11  indifference may be shown when prison officials deny, delay or

12  intentionally interfere with medical treatment, or it may be shown

13  in the way in which they provide medical care.  <u>Id.</u> at 1062.

14  A claim of medical malpractice or negligence is insufficient to

15  make out a violation of the Eighth Amendment.  <u>Id.</u> at 1059;

16  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).

17    Plaintiff's allegations fail to state a claim for deliberate

18  indifference to serious medical needs.  First, Plaintiff does not

19  include allegations indicating what his condition is that meets

20  the requirements of a "serious medical need."  Second, Plaintiff's

21  allegations do not show that Dr. Griffen's conduct amounted to

22  deliberate indifference.  As stated above, a claim of negligence

23  or medical malpractice is insufficient to allege a violation of

24  the Eighth Amendment for deliberate indifference.  The fact that

25  Plaintiff himself describes Dr. Griffen's conduct as malpractice

26  is an indication that Dr. Griffen's actions do not rise to the

27  level of deliberate indifference.

28

**United States District Court**
For the Northern District of California

CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED without prejudice to Plaintiff's re-filing his claim after all available administrative remedies have been exhausted. Plaintiff's action is also dismissed without prejudice to re-filing a medical malpractice claim in state court.

If Plaintiff exhausts administrative remedies and wishes to re-file this claim in a new case in federal court, he must remedy the deficiencies noted above in regard to alleging a claim for deliberate indifference to serious medical needs.

The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated: 9/24/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE