IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FULFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br>DOCTOR GRIFFEN, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendants. | Case No.: C 13-2535 CW (PR)<br><br>ORDER OF DISMISSAL |

INTRODUCTION

　　Plaintiff, a California prisoner incarcerated at San Quentin State Prison (SQSP) and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons discussed below, this case is DISMISSED without prejudice for failure to exhaust administrative remedies and failure to state a federal claim for relief.  Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order.

DISCUSSION

I. Failure to Exhaust

　　The Prison Litigation Reform Act of 1995 (PLRA) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81,

84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile.  The exhaustion requirement requires "proper exhaustion" of all available administrative remedies.  Ngo, 548 U.S. at 93.  Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits.  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  Id. at 1120.

Plaintiff indicates on the complaint that he has not presented the facts in his complaint for review through the administrative process.  Compl. at 2.  In the space for him to indicate the reason for not pursuing an appeal, he writes next to the informal appeal, "As there is no remedy that this prison or its representative can take to remedy this case."  Compl. at 2.

2

Plaintiff must comply with the PLRA's requirement of "proper exhaustion" under Ngo: "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91 (footnote omitted). Even if Plaintiff feels there is nothing the prison can do to remedy the harm he alleges, he must still take his claim through the entire SQSP administrative appeals process before he may file a complaint in federal court. Because it is clear that Plaintiff has not "properly exhausted" his claims, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

II. Failure to State a Federal Claim

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48

3

(1988). Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff alleges the following. Approximately eleven months ago, he went to the hospital for surgery on his left foot. During the surgery, Dr. Griffen removed half the bone in a toe that was not injured. Plaintiff alleges that Dr. Griffen committed malpractice and seeks money damages from him.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need, and the nature of the defendant's response to that need. Id. at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. Id. at 1062. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. Id. at 1059; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's allegations fail to state a claim for deliberate indifference to serious medical needs. First, Plaintiff does not include allegations indicating what his condition is that meets the requirements of a "serious medical need." Second, Plaintiff's allegations do not show that Dr. Griffen's conduct amounted to deliberate indifference. As stated above, a claim of negligence or medical malpractice is insufficient to allege a violation of the Eighth Amendment for deliberate indifference. The fact that Plaintiff himself describes Dr. Griffen's conduct as malpractice is an indication that Dr. Griffen's actions do not rise to the level of deliberate indifference.

CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED without prejudice to Plaintiff's re-filing his claim after all available administrative remedies have been exhausted. Plaintiff's action is also dismissed without prejudice to re-filing a medical malpractice claim in state court.

If Plaintiff exhausts administrative remedies and wishes to re-file this claim in a new case in federal court, he must remedy the deficiencies noted above in regard to alleging a claim for deliberate indifference to serious medical needs.

The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated: 9/24/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE